

**MEMO ENDORSED**

September 4, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/5/2024

*Via Electronic Mail*
The Honorable Valerie Caproni
United States District Judge
United States District Courthouse
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007
CaproniNYSDChambers@nysd.uscourts.gov

    Re:    *United States of America ex rel. Elizabeth W. Moore v. Center for Autism and Related Disorders, Inc.*, 19-cv-03939 (S.D.N.Y.)

Dear Judge Caproni:

    I write pursuant to Chambers Rule 2(C) on behalf of Elizabeth Moore, the Plaintiff/Relator in the above-referenced action. Ms. Moore respectfully requests that the Court deem her First Amended Complaint (originally filed as Dkt. No. 41[1] and now re-filed as Dkt. No. 42) as timely filed.

    On August 19, 2024, Ms. Moore submitted her consent letter motion (Dkt. No. 38[2]) seeking an extension of time of one week to respond to Defendant's motion to dismiss (Dkt. No. 36), as she intended to file an amended complaint, which Federal Rule of Civil Procedure 15(a)(1)(B) permits her to do as of right within 21 days from the filing of Defendant's motion, and that amended complaint would then moot Defendant's motion such that it was in the interest of judicial economy to extend Ms. Moore's response deadline to coincide with her deadline to amend her complaint under Rule 15(a)(1)(B). In the letter

---

[1] Plaintiff originally filed her First Amended Complaint, with exhibits, as Dkt. No. 40 at 6:27 p.m. Counsel then needed to make clerical corrections to that filing and re-filed as Dkt. No. 41 at 7:28 p.m. When counsel re-filed, they advised Chambers via e-mail that the e-filing system did not provide a field to indicate that this was a corrected filing given the nature of the filing but that they: (1) would telephone the Clerk's office first thing the next morning to ensure any needed clerical follow-up was attended to and (2) wanted to promptly alert counsel and chambers that Dkt. No. 41 and its attachments were the operative filing and Dkt. No. 40 was made in error. The Clerk's office has since issued a deficiency notice for Dkt. No. 40, rendering it a nullity.

[2] Counsel originally submitted the consent letter motion (Dkt. No. 38) directly to Chambers via e-mail on August 19, 2024. Chambers then requested that counsel file the letter on the docket on August 20, 2024.

motion, counsel stated this new deadline would fall on or before September 2, 2024 as all counsel, including counsel for the defense, overlooked that September 2, 2024 fell on a federal holiday, Labor Day, and therefore under Rule 6, the 21-days afforded to Ms. Moore to amend her complaint as of right under Rule 15(a)(1)(B) was automatically extended to September 3, 2024. It was not counsel's intent to abridge this deadline to amend as of right by one day less than she otherwise would have been accorded under the federal rules. The Court accordingly entered an Order endorsing counsel's letter motion stipulating to an extension of time to oppose Defendant's motion to September 2, 2024—presumptively also overlooking the Labor Day holiday.

On August 30, 2024, realizing their error, counsel conferred and both agreed that Federal Rule of Civil Procedure 6 automatically then extended the now operative September 2, 2024 deadline to the next business day, September 3, 2024. I have attached those conferral e-mails hereto as Exhibit A. Accordingly, Ms. Moore proceeded to then file her Amended Complaint on September 3, 2024.

However, on September 4, 2024, the Clerk's office issued a deficiency notice for Dkt. No. 41. One of the bases for the deficiency notice was that the "the pleading is amended more than 21 days after service of a responsive pleading; Court's leave has not been granted." Counsel telephoned the Clerk's office, specifically the Case Openings department as the filing was an amended complaint, and the Clerk's office instructed counsel (after consultation with chambers) to file this letter motion contemporaneously with the re-filing of Dkt. No. 41, explaining that as the Court's August 20, 2024 Order (Dkt. No. 39) set the deadline as September 2, 2024, the Clerk's office could not accept the First Amended Complaint filed on September 3, 2024 as timely filed without an order from the Court.

Defendant's counsel agrees to the relief requested herein and consents to this letter motion. Ms. Moore respectfully requests that the Court enter an order: accepting Dkt. No. 42 as a timely filed amended complaint under Rule 15(a)(1)(B) and deny Defendant's Motion to Dismiss (Dkt. No. 36) as moot.

Sincerely,

Megan Benevento

Megan Benevento

*Counsel for Plaintiff/Relator*

---

Application GRANTED. The First Amended Complaint filed at Dkt. No. 42 will be treated as the operative complaint. The motion to dismiss filed at Dkt. No. 36 is hereby DENIED as moot. The Clerk of the Court is respectfully directed to terminate the motion at Dkt. No. 36.

SO ORDERED.

*Valerie Caproni*

9/5/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE